UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| v. | : | Crim. No. 18-188 (ES) |
| SCOTT SPINA, JR. | : | 18 U.S.C. § 1343 |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### BACKGROUND

1. At various times relevant to this Information:

    a. Defendant SCOTT SPINA, JR. ("SPINA"), was a resident of New Jersey.

    b. Defendant SPINA was in the business of selling high-end items, including sneakers, to individuals, including professional athletes.

### THE SCHEME TO DEFRAUD

2. From at least as early as in or about September 2015 through in or about June 2017, in the District of New Jersey and elsewhere, the defendant,

SCOTT SPINA, JR.,

did knowingly devise and intend to devise a scheme and artifice to defraud individuals and entities, and to obtain money and property from those individuals and entities, by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and

attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including a wire communication from inside of New Jersey to outside of New Jersey, as more fully set forth below.

## OBJECT OF THE SCHEME

3.   The object of the scheme and artifice to defraud was for defendant SPINA to enrich himself by obtaining money from individuals without providing goods, by using credit card information provided by customers without the customers' authorization, and by claiming legitimate purchases on his credit card were illegitimate.

## MANNER AND MEANS OF THE SCHEME

4.   It was part of the scheme and artifice to defraud that defendant SPINA contracted with parties to provide high-end goods, including sneakers, and thereafter collected payment for the goods but failed to deliver the goods.

5.   It was further part of the scheme and artifice to defraud that defendant SPINA made personal purchases using credit card information provided by his customers and others without their authorization.

6.   It was further part of the scheme and artifice to defraud that defendant SPINA contacted a company that had issued him a credit card and claimed that numerous purchases on his account were fraudulent, when he knew the purchases were legitimate.

7.  Using the manner and means described above, defendant SPINA obtained or attempted to obtain more than $750,000.

8.  On or about April 25, 2017 for the purpose of executing the aforesaid scheme and artifice to defraud, in the District of New Jersey, and elsewhere, the defendant,

SCOTT SPINA, JR.,

knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely, a wire communication by a merchant in New Jersey to a credit card company seeking payment following defendant SPINA's purchase of approximately $30,000 worth of motor vehicles, including a golf cart and an all-terrain vehicle, from the merchant, which purchase defendant SPINA made using another individual's credit card and without that individual's authorization or permission.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations contained in Count One of this Information are realleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Upon conviction of the offense charged in this Information, defendant SPINA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, and all property traceable to such property.

3. If by any act or omission of defendant SPINA any of the property subject to forfeiture herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

SCOTT SPINA, JR.

INFORMATION FOR

18 U.S.C. § 1343

**CRAIG CARPENITO**
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

ANDREW KOGAN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973.645.2754