

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| **Craig Carpenito**<br>**United States Attorney** | *970 Broad Street, Suite 700*<br>*Newark , New Jersey 07102* | *(973) 645-2700* |

February 16, 2018

Vincent C Scoca, Esq.
The Law Offices of Vincent C. Scoca
395 Franklin Street
Bloomfield, New Jersey 07003

*Cr. 18-188 (ES)*

Re: <u>Plea Agreement with Scott Spina, Jr.,</u>

Dear Mr. Scoca:

This letter sets forth the plea agreement between your client, Scott Spina, Jr., and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on March 2, 2018 if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Scott Spina, Jr., to an Information that charges him with wire fraud, in violation of 18 U.S.C. § 1343. If Scott Spina, Jr., enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Scott Spina, Jr., based upon his illegal use of other person's credit cards, as further detailed in the Information, between November 2015 and the date of this agreement. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Scott Spina, Jr., agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Scott Spina, Jr., may be commenced against him notwithstanding the expiration of the limitations period after Scott Spina, Jr., signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 to which Scott Spina, Jr., agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Scott Spina, Jr., is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Scott Spina, Jr., ultimately will receive.

Further, in addition to imposing any other penalty on Scott Spina, Jr.,, the sentencing judge: (1) will order Scott Spina, Jr., to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Scott Spina, Jr., to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Scott Spina, Jr., pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Scott Spina, Jr., to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should Scott Spina, Jr., be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Scott Spina, Jr., may be sentenced to not more than two years' imprisonment, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Scott Spina, Jr., agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy,

- 2 -

or pattern of criminal activity underlying that offense.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Scott Spina, Jr., by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Scott Spina, Jr.'s activities and relevant conduct with respect to this case.

## Stipulations

This Office and Scott Spina, Jr., agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Scott Spina, Jr., from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Scott Spina, Jr., waive certain rights to file an appeal, collateral attack, writ, or motion after

- 3 -

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

     Scott Spina, Jr., agrees that as part of his acceptance of responsibility and pursuant to pursuant to 18 U.S.C. §§ 982(a)(2), 981(a)(1)(C) and 28 U.S.C. § 2461(c), he will consent to the entry of a forfeiture money judgment as described below.  All payments will be made by certified or bank check made payable to the United States Marshals Service with the criminal docket number noted on the face of the check.  Scott Spina, Jr., will cause that check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

     Scott Spina, Jr., will consent to the entry of a forfeiture money judgment in the amount to be determined by the Court (the "Forfeiture Money Judgment").  Scott Spina, Jr., acknowledges that the forfeiture money judgment amount is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to her violation of 18 U.S.C. § 1349.

     Scott Spina, Jr., agrees to consent to the entry of orders of forfeiture and Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Scott Spina, Jr., understands that the forfeiture and the Forfeiture Money are part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  Furthermore, Scott Spina, Jr., waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

     Scott Spina, Jr., understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Scott Spina, Jr., understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Scott Spina, Jr., wants and agrees to plead guilty to the charged offenses, knowing that this plea will result in his removal from the

- 4 -

United States.  Scott Spina, Jr., wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Scott Spina, Jr., understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Scott Spina, Jr., waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Scott Spina, Jr., This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Scott Spina, Jr.,

No provision of this agreement shall preclude Scott Spina, Jr., from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Scott Spina, Jr., received constitutionally ineffective assistance of counsel.

No Other Promises

       This agreement constitutes the plea agreement between Scott Spina, Jr., and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                       Very truly yours,

                       CRAIG CARPENITO
                       United States Attorney

                       By: Andrew Kogan
                       Assistant U.S. Attorney

APPROVED:

Zach Intrater
Deputy Chief, Economic Crimes Unit

- 6 -

I have received this letter from my attorney, Vincent C. Scoca, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Scott Spina, Jr.,                                    Date: 3/2/18


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Vincent O. Scoca, Esq.                               Date: 3/2/18

- 7 -

<u>Plea Agreement with Scott Spina, Jr.,</u>

<u>Schedule A</u>

1. This Office and Scott Spina, Jr., recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Scott Spina, Jr., nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Scott Spina, Jr., within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Scott Spina, Jr., further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because conviction of the offense charged in the Information carries a statutory maximum term of imprisonment of twenty years or more.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the relevant loss amount is more than $550,000 but not more than $1,500,000. This results in an increase of 14 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A) applies because the offense involved 19 or more victims. This results in an increase of 2 levels.

6. As of the date of this letter, Scott Spina, Jr., has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Scott Spina, Jr.,'s acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Scott Spina, Jr., has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Scott Spina, Jr.,'s offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Scott Spina, Jr., enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Scott Spina, Jr., s acceptance of responsibility has continued

- 8 -

through the date of sentencing and Scott Spina, Jr., therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Scott Spina, Jr.,'s offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Scott Spina, Jr., is 20 (the "agreed total Guidelines offense level").

9.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10.   Scott Spina, Jr., knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.